IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINNET M. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-421-C |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

The Court referred this action for judicial review of the Commissioner's denial of disability insurance benefits to United States Magistrate Judge Gary M. Purcell consistent, with 28 U.S.C. § 636(b)(1)(B). Judge Purcell issued a Report and Recommendation on April 8, 2013, recommending affirming the Commissioner's decision. Plaintiff, through counsel, has timely objected and this Court now considers the matter de novo.

Plaintiff first objects to Judge Purcell's conclusion that the Administrative Law Judge ("ALJ") properly evaluated all the evidence in the medical record in conducting Plaintiff's residual functional capacity ("RFC") assessment. Although Judge Purcell acknowledged that the ALJ did not specifically discuss certain pieces of evidence, the Magistrate Judge nonetheless concluded that no error occurred. After examining the evidence relied on by Plaintiff, this Court agrees.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

The ALJ has a "duty to give consideration to all the medical opinions in the record" and "must also discuss the weight he assigns to such opinions." Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012). But, although an ALJ must consider all the evidence in the record, the "ALJ does not have to discuss every piece of evidence." Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007) (citing Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)). Moreover, courts "take the ALJ 'at [his] word'" where "the ALJ indicates he has considered all the evidence." Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009) (quoting Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007)).

Here, as noted by the Magistrate Judge, the ALJ stated that he considered all the medical evidence in the record. Nonetheless, Plaintiff contends that Judge Purcell improperly rejected her argument that the ALJ had failed to consider all the medical evidence, specifically evidence of the frequency of her headaches and her mental evaluation performed by Dr. Cordry. With respect to the evidence relating to her headaches, Plaintiff contends that this evidence conflicts with the ALJ's failure to include any limitations from those headaches in Plaintiff's RFC assessment, such as missing work for treatment or a reduced ability to deal with stress during a migraine. As the ALJ limited Plaintiff to unskilled work and noted potential concentration problems during a migraine, Plaintiff's contention that the ALJ failed to include any limitations in her RFC assessment is unfounded. Moreover, Plaintiff does not explain how evidence of sporadic emergency treatment, much of which occurred before she stopped working, contradicts the ALJ's RFC assessment, particularly given the note by another physician in 2010 that Plaintiff's headaches were "fairly stable." (TR 530.) Likewise, Plaintiff's arguments with

respect to the ALJ's failure to discuss Dr. Cordry's opinions are unavailing. Although Dr. Cordry assigned Plaintiff a GAF score of 40, he contemporaneously described her as "alert and oriented" and "cognitively intact" with goal-directed thoughts. (TR 539.) Thus, Plaintiff has not demonstrated how this evidence contradicts the ALJ's RFC assessment of limited light work, particularly given the other GAF score of 78 in the record. (TR 498.)

Plaintiff also objects to Judge Purcell's resolution of her credibility argument, asserting that the Magistrate Judge improperly engaged in a post-hoc justification of the ALJ's credibility analysis. Given that "'[c]redibility determinations are peculiarly the province of the finder of fact,'" courts "will not upset such determinations when supported by substantial evidence." Wilson v. Astrue, 602 F.3d 1136, 1144 (10th Cir. 2010) (quoting Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). A three-part credibility analysis governs a disability claimant's complaints of disabling pain and requires an ALJ to determine:

> (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a 'loose nexus'); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

Keyes-Zachary, 695 F.3d at 1166-67 (citing Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987)). Although the ALJ does not have to conduct "a 'formalistic factor-by-factor recitation of the evidence,'" id. at 1167 (citing Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000)), the following factors generally inform the credibility determination:

> "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship

> between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence."

Branum v. Barnhart, 385 F.3d 1268, 1273-74 (10th Cir. 2004) (quoting Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991)).

Plaintiff contends that the ALJ erred at the third step of this analysis in finding that her "statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not credible to the extent they are inconsistent with the [limited light work] residual functional capacity assessment." (TR 16.)  Although Plaintiff argues "[t]he ALJ's decision is essentially devoid of an analysis of credibility and is little more than boilerplate," the Court disagrees.  (Pl.'s Objections, Dkt. No. 21, at 10.)  In analyzing Plaintiff's complaints of disabling pain, the ALJ engaged in an extensive discussion of Plaintiff's daily life activities, as reported by Plaintiff, and evidence of the effectiveness of Plaintiff's medications.  Thus, substantial evidence in the record supports the ALJ's determination and the Court will not re-weigh the evidence or substitute its own judgment for the ALJ's.

Accordingly, the Court hereby ADOPTS Judge Purcell's Report and Recommendation (Dkt. No. 18) and AFFIRMS the Commissioner's decision.  A judgment will enter accordingly.

IT IS SO ORDERED this 22nd day of May, 2013.

ROBIN J. CAUTHRON
United States District Judge